1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

7

8

9

10

11

JOY E. WEAVER,

          Plaintiff,

    v.

NICOLE KRUSE,

          Defendant.

Case No.  5:22-cv-07103 EJD

**ORDER TO SHOW CAUSE WHY
ACTION SHOULD NOT BE
REMANDED TO STATE COURT**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

      On October 31, 2022, Plaintiff Weaver brought this state-law unlawful detainer action against Defendant Kruse in the Superior Court of California for the County of Santa Clara seeking to evict Defendant from real property located in Mountain View.  ECF No. 1 at 5.  Defendant Kruse, appearing pro se, subsequently removed the action on November 14, 2022.  ECF Nos. 1, 2.

      A defendant may remove an action from state court to a federal court of original jurisdiction. 28 U.S.C. § 1441(a).  Once a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  The removed action must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  Federal question jurisdiction under 28 U.S.C. § 1331 establishes original jurisdiction over a civil action that arises under the constitution, laws, or treaties of the United States. Federal courts also have original jurisdiction under 28 U.S.C. § 1332(a)(1) where there is complete diversity of citizenship and an amount in controversy in excess of $75,000.  "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-cv-2418, 2012 WL 2077311, at * 1 (N.D. Cal. June 8, 2012).  "[A]n actual or anticipated defense" does not confer federal jurisdiction.  *Vaden v. Discover Bank*, 556

United States District Court
Northern District of California

1   U.S. 49, 60 (2009).  The removal statute is strictly construed against removal jurisdiction. . . . [and]

2   [t]he defendant bears the burden of establishing that removal is proper."  *Provincial Gov't of*

3   *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

4         Defendant Kruse bases removal on federal question jurisdiction pursuant to 28 U.S.C. §

5   1331.  ECF No. 1 ¶¶ 5, 14.  However, Plaintiff's complaint alleges only unlawful detainer under

6   California law; it does not implicate a substantial question of federal law.  *Id.* at 5 ("Complaint for

7   Unlawful Detainer").  In the Notice of Removal, Defendant argues that the complaint alleges a

8   federal cause of action and states that Plaintiff intends to violate Defendant's protection under the

9   Tenant Protection Act of 2019 "in an effort to evade the rent cap."[1]  *Id.* ¶¶ 10–11, 14.  Defendant

10  further provides that Plaintiff's complaint "fails to allege compliance with the Civil Rights Act of

11  1968[] & Tenant Protection [A]ct of 2019" but Defendant provides no further detail as to these

12  allegations.  *Id.* ¶ 6.  Even if Plaintiff has a valid counterclaim or defense, however, neither provides

13  a basis for federal question jurisdiction.  *Vaden*, 556 U.S. at 60 ("Federal jurisdiction cannot be

14  predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual

15  or anticipated counterclaim.").

16        Moreover, Defendant does not allege that diversity jurisdiction exists under 28 U.S.C. §

17  1332(a)(1), as both parties appear to reside in California—and therefore are not diverse—and the

18  amount in controversy does not exceed $75,000 because the face of the complaint states that the

19  damages do not exceed $10,000.  *See* ECF No. 1 at 5.

20        Based on the foregoing, the Court ORDERS Defendant Kruse to SHOW CAUSE as to why

21  this action should not be remanded to state court.  Defendant shall respond to this order in writing

22  no later than **January 17, 2023**.  Failure to respond to the Court's order will result in remand of this

23  case to Santa Clara County Superior Court.

24        Finally, the Court informs Defendant that the Federal *Pro Se* Program at the San Jose

25  Courthouse provides free information and limited-scope legal advice to pro se litigants in federal

26  civil cases.  Help is provided by appointment and on a drop-in basis.  The program is located in the

27

---

28  [1] Defendant cites to the "federal Tenant Protection [A]ct of 2019" which the Court understands as referring to the California Tenant Protection Act of 2019.

ORDER TO SHOW CAUSE WHY ACTION
SHOULD NOT BE REMANDED TO STATE COURT
CASE NO.: 5:22-CV-07103 EJD

1    United States Courthouse at 280 South 1st Street in San Jose, and parties may make appointments

2    by calling the program's staff attorney, Mr. Haohao Song, at 408-297-1480.

3         **IT IS SO ORDERED.**

4    Dated:  December 29, 2022

     _____
     EDWARD J. DAVILA
5    United States District Judge

ORDER TO SHOW CAUSE WHY ACTION
SHOULD NOT BE REMANDED TO STATE COURT
CASE NO.: 5:22-CV-07103 EJD