UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOY E. WEAVER,<br><br>        Plaintiff,<br><br>    v.<br><br>NICOLE KRUSE,<br><br>        Defendant. | Case No.   5:22-cv-07103 EJD<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

## I.    INTRODUCTION

Defendant Nicole Kruse removed the instant unlawful detainer action originally filed in Santa Clara County Superior Court by Plaintiff Joy Weaver.  Compl. ECF No. 1.  According to the state court complaint, Plaintiff owns property in Mountain View, California, and leased the property to Defendant on a month-to-month basis on or about August 15, 2009.  *Id.* ¶ 4.  On October 18, 2022, Plaintiff gave Defendant a 3-day notice demanding payment of past-due rent or delivering possession of the property and requiring Defendant to vacate.  *Id.* ¶ 7.  At the time of filing, more than 3 days had passed since receipt of notice.  *Id.* ¶ 8.  Plaintiff alleges that Defendant remains at the property.  *Id.*  Plaintiff seeks possession of her property, unpaid rent, and damages at the rate of $141.66 per day from November 1, 2022, until restitution of possession, and attorneys' fees.  The total damages sought are under $10,000.  *Id.* ¶ 11.

Once a case is removed to federal court, the Court has an independent obligation to satisfy itself that it has subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  The Court reviewed this action to determine whether federal jurisdiction exists.  *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013).  On December 29, 2022, the Court

ordered Defendant to show cause ("OSC") why the action should not be remanded. ECF No. 9. Defendant timely responded to the Court's OSC on January 17, 2023. ECF No. 10.

For the reasons discussed below, none of the basis put forth by Defendant serve as a proper ground for removal of this action. The Court therefore finds that it lacks subject matter jurisdiction. Accordingly, this action will be remanded to the state court from which it originated.

## II.   DISCUSSION

Removal jurisdiction is a creation of statute. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) The case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a) and (b). It falls upon the removing defendant to show the basis for federal jurisdiction. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir.1990). The removal statute is strictly construed against removal jurisdiction. . . . [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Here, the Notice of Removal reveals that Defendant removed this action on the basis of federal question jurisdiction. *See* ECF No. 1. To establish federal question jurisdiction, "it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted); *Libhart*, 592 F.2d at 1065. The Court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Christianson v. Colt Indus. Operating Corp.*,

486 U.S. 800, 808 (1988). Therefore, "an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Here, the original complaint asserts only one cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1161, which does not arise under federal law nor raise a federal issue. *See GMAC Mortg., LLC v. Rosario*, No. 11-CV-1894-PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011) (remanding an action that alleges a single cause of action under state law for unlawful detainer based on lack of subject matter jurisdiction). Consequently, a federal question does not appear from the face of the complaint.

Although Defendant does not assert diversity jurisdiction as a basis for removal, the Court concludes that the allegations in the complaint fail to establish diversity jurisdiction for the reasons explained in the Court's OSC. In response to the OSC, Plaintiff also contends that removal is proper under both 28 U.S.C. § 1442(a)(1) and § 1443(1).[1] ECF No. 10 at 1. Even liberally construing Defendant's assertions, neither statute provides this Court with removal jurisdiction.

*First*, Defendant cannot remove this unlawful detainer action based on § 1442(a)(1) because Plaintiff's action is not commenced against nor directed to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof . . ." and therefore the statute is inapplicable here. 28 U.S.C. § 1442(a)(1). To the extent that Defendant is arguing that the California Tenant Protection Act ("TPA") of 2019 is a "federal defense" applicable to the parties' leasing agreement, this argument also fails.[2] *Id.* As previously stated, the TPA of 2019 is a state law, and Defendant may not remove a complaint that alleges a sole cause of action for unlawful detainer under California law based on a state- or

---

[1] Defendant does not assert removal under § 1443(2), but the Court notes that removal predicated on § 1443(2) would not be proper. *See Wells Fargo Bank Nat. Ass'n v. Vann*, No. 13-CV-01148-YGR, 2013 WL 1856711, at *3 (N.D. Cal. May 2, 2013) ("A removal notice under section 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws.").

[2] Defendant does not cite to 28 U.S.C. § 1443 in her Notice of Removal, and in her response to the Court's OSC she argues that she is "assertin[ing] a federal defense" in relying on the California Protection Act of 2019. Because Defendant's argument is unclear, the Court addresses both interpretations.

federal-law defense and/or counterclaim. *Vaden*, 556 U.S. at 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim . . . . " (internal quotation marks and citations omitted); *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 11-CV-00451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011) ("Removability 'cannot be created by defendant pleading a counter-claim presenting a federal question.'") (quoting *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985).

*Second*, Defendant also bases removal on § 1443(1).[3] ECF No. 10 at 2. Section 1443(1) states that removal of a civil action commenced in a state court is proper "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "A petition for removal under § 1443(1) must satisfy the two-part test . . . . First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (quotation marks and citations omitted). Here, Defendant fails to meet both prongs of the test.

Defendant asserts that Plaintiff deprived her of her civil rights under 42 U.S.C. §§ 1981– 1983 by proceeding with the unlawful detainer action. ECF No. 10 at 2. Specifically, she argues that the Superior Court denied her of her "due process rights guaranteed [to] African Americans and Hispanics under [§§] 1981–1983." *Id.* The Court acknowledges that Defendant's claims arise under a "law providing for specific civil rights stated in terms of racial equality." *State of Georgia v. Rachel*, 384 U.S. 780 (1966). Her request for removal fails, however, because "[s]he has not sufficiently alleged that the denial of [] [her] federal rights can be predicted from a state statute or

---

[3] Defendant does not assert that removal is proper under § 1443(2), and regardless, that section would not apply in this instance.

Case No.: 5:22-cv-07103-EJD  
Order Remanding Action to State Court

4

a constitutional provision." *HSBC Bank USA v. Cabal*, No. 10-CV-1621-WQH-POR, 2010 WL 3769092, at *2 (S.D. Cal. Sept. 21, 2010).

To satisfy the second prong, Defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Defendant contends that she lacks a remedy in state court under Cal. Code Civ. P. § 1161.1. ECF No. 10 at 2. The language of Section 1161.1, however, does not command state courts to ignore Defendant's federal rights. Nor does Defendant point to a state law that either prohibits her from enforcing her civil rights in state court or that indicates the state court would not enforce her civil rights in the state court proceedings. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). Moreover, Defendant's allegations of discrimination lack a factual basis. *See Ward v. Hernandez*, No. EDCV 13-01458 JGB, 2013 WL 5840445, at *3 (C.D. Cal. Oct. 25, 2013) ("Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis."). Removal pursuant to § 1443(1) is therefore improper.

Finally, Defendant argues that Plaintiff has failed to timely move for remand, and has therefore waived her right to remand by discussing stipulations with Plaintiff (although no such stipulations have been filed). *Id.* at 3. However, subject matter jurisdiction is fundamental and cannot be waived. *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). The Court also notes that Plaintiff has not moved to remand the action; rather, this Court is obligated to remand this action upon determining that it lacks federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.   ORDER

Based on the foregoing, the Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the Clerk shall REMAND the case to Santa Clara County Superior Court and close the file.

1     This Order terminates as moot all pending docket items.

2     **IT IS SO ORDERED.**

4     Dated: February 24, 2023

    EDWARD J. DAVILA
    United States District Judge